UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| PETROFF TRUCKING COMPANY, INC, and A & A HAULING, INC., | ) ) ) | |
| Plaintiff, | ) ) | 3:12-cv-00677-GPM-SCW |
| v | ) ) | Case No. 12-MR-115 |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 525, WALSH CONSTRUCTION COMPANY, GLENN A. ZIPP and THE ILLINOIS DEPARTMENT OF TRANSPORTATION | ) ) ) ) ) ) | Filed in the Circuit Court of the Third Judicial Circuit, Madison County, in the State of Illinois - Case No. 2012 MR 000115 |
| Defendants. | ) | |

## PETITION FOR REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

**COMES NOW** Defendant International Brotherhood of Teamsters Local 525 and petitions this Court for removal of this action, pursuant to 28 U.S.C. §§ 1141 & 1446, from the Circuit Court of Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois, and as grounds for this Petition, state as follows:

1. Plaintiffs Petroff Trucking Company, Inc. and A &A Hauling, Inc. filed this action on May 9, 2012 in the Circuit Court of the Third Judicial District, Madison County, Illinois. The state court docket number is 2012 MR 000115.

2. Plaintiffs served Defendant, International Brotherhood of Teamsters Local 525, with a summons and a copy of the Complaint on May 24, 2012. A true copy of the Summons and Complaint are attached hereto as Exhibit A. No other pleadings have been served upon Defendant.

3. Removal to a district court is appropriate when a cause of action arises under federal law, regardless of the citizenship or residency of the parties. *See* 28 U.S.C. §§ 1331, 1446. When a federal cause of action **completely preempts** a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily arises under federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983).

4. Plaintiff's Complaint is governed exclusively by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and is completely preempted. *See Avco Corp. v Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557 (1968) (state law claim alleging breach of collective bargaining agreement is preempted by Section 301; complaint arises under federal law). Due to the importance of uniformity in labor law, the United States Supreme Court has long held that Section 301 completely preempts state law claims dependent upon the analysis of a collective bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (when state law claim is substantially dependent upon analysis of terms of collective bargaining agreement, claim must be treated as Section 301 claim or dismissed as preempted). A plaintiff cannot circumvent Section 301 by relying on state law. Section 301 governs all claims, including state law claims, "founded directly on rights created by collective bargaining agreements, and also claims substantially dependent on analysis of a collective bargaining agreement." *Lingle v. Norge Division of Magic Chef*, 486 U.S. 399, 410 (1988).

5. A suit to vacate an arbitration award issued pursuant to a collective bargaining agreement is governed by Section 301, which preempts state law challenges to the arbitration award. *See Thigpen v. Illinois Bell Telephone Co.*, 2010 U.S. Dist. Lexis 134979, *8 (N.D. IL, December 21, 2010) ("Section 301 authorizes federal courts to 'fashion a body of federal

common law to be used to address disputes arising out of labor contracts,' including suits to enforce or vacate arbitration awards.") citing *Allis-Chalmers Corp.*, 471 U.S. at 209.

6. Here, Plaintiffs allege that Plaintiffs are employers with a collective bargaining relationship with Defendant International Brotherhood of Teamsters Local 525, a labor union. (Ex. A, at ¶¶ 3, 21). Further, Plaintiffs agree that they are parties to a Project Labor Agreement (PLA) and are bound thereby. (Ex. A, at ¶ 8). Defendant International Brotherhood of Teamsters Local 525 filed a grievance against Plaintiffs under the terms of the PLA and a decision was rendered on April 13, 2012 after arbitration of that grievance. (Ex. A, at ¶ 15). Plaintiffs seek to vacate the arbitration award; a permanent injunction against the compliance with or reliance upon the arbitration award; and, a declaration that Plaintiffs are in compliance with the law and applicable labor agreements. (*See* Ex A).

7. Section 301 provides for a cause of action for violation of contracts between an employer and a labor organization, and establishes subject matter jurisdiction in the district courts of the United States in which the labor organization has its principal offices for such suits. Accordingly, Plaintiff's claims are completely preempted by Section 301, arise under federal law, and Defendant may remove them.

8. The time for filing this Petition for Removal under the provisions of 28 U.S.C. §§ 1331, 1441(b), and 1446 and all other applicable law has not expired as this Petition is filed with the Court within thirty (30) days of service.

9. A written Notice of Filing of Petition for Removal has been served on the Plaintiffs as required by 28 U.S.C. § 1446(d). A true and correct copy of this Petition for Removal with accompanying exhibits will be filed with the Clerk of the Circuit of the Third

Judicial Circuit, Madison County, Illinois, in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing Petition for Removal is annexed hereto as Exhibits B and C.

10. The remaining defendants have not yet been served in this matter, and need not consent to removal. In the alternative, Defendants Walsh Construction Company, Glenn Zipp and the Illinois Department of Transportation are simply nominal defendants who need not consent because there is no reasonable basis to basis to believe that they will be held liable for this matter in that other than cursory statements that these Defendants are necessary parties, the Plaintiffs have made no allegations against them, and seek no relief from them.

11. No application for the relief sought herein has previously been made.

**WHEREFORE**, Defendants pray that the above action now pending in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois be removed to this Court, upon service of a copy of this Petition upon Plaintiff and upon the Clerk of the Circuit Court of Madison County. Defendants further pray that there be no further proceedings in this action in the Circuit Court of Madison County.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

George O. Suggs (MBE 31641)
J. Christopher Chostner (IL Bar # 205830)
1221 Locust Street, Second Floor
St. Louis, MO 63103-2364
(314) 621-2626
Fax: (314) 621-2378
gos@schuchatcw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 1st day of June, 2012, a copy of the foregoing was mailed via first-class mail, postage prepaid to:

Mr. Thomas G. Maag
The Maag Law Firm, LLC
22 West Lorena Ave.
Wood River, IL 62095
Attorney for Plaintiffs

*George O. Suggs*