Page 1 of 4
Case No. 12-MR-115

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS



FILED

MAY 09 2012

CLERK OF CIRCUIT COURT #2
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

PETROFF TRUCKING COMPANY, INC, and )
A&A HAULING, INC., )
)
v. )        Case No. 12-MR- 115
)
)
INTERNATIONAL BROTHERHOOD OF )
TEAMSTERS LOCAL 525, WALSH )
CONSTRUCTION COMPANY, GLENN A. )
ZIPP and THE ILLINOIS DEPARTMENT OF )
TRANSPORTATION, )
)
        Defendants. )

Comes now Plaintiffs Petroff Trucking Company and A&A Hauling, Inc., by and throught their

attorney, and for their cause of action, state as follows:

### COMPLAINT

1. At all times relevant, Plaintiff Petroff Trucking Company, Inc ("Petroff") is an Illinois

   Corporation with its principle place of business in Illinois.

2. At all times relevant, Plaintiff A&A Hauling, Inc ("A&A") is an Illinois Corporation with its

   principle place of business in Illinois.

3. At all times relevant Defendant International Brotherhood of Teamsters Local 525 ("Local

   525") is a union that does buisness in Madison County, Illinois.

4. At all times relevant, Defendant Walsh Construction Company ("Walsh") is a necessary party to

   this dispute, who must be joined in order to fully litigate the issues before this Court.

5. At all times relevant, Defendant Illinois Department of Transportation ("IDOT") is a necessary

   party to this dispute, who must be joined in order to fully litigate the issues before this Court.

6. At all times relevant, Defendant Glenn A. Zipp ("Zipp") is a necessary party to this dispute,

   who must be joined in order to fully litigate the issues before this Court.

EXHIBIT

A

PENGAD 800-631-6989

05/24/2012  13:45  6184023720                    LEGAL PAGE                 PAGE  03/06

Page 2 of 4
Case No. 12-MR-

7.  On April 10, 2012, an arbitration hearing was held in Collinsville, Madison County, Illinois, before Glenn A. Zipp.

8.  That at all times relevant, Plaintiffs Petroff and A&A are bound by the Illinois Department of Transportation ("IDOT") Standard Project Labor Agreement ("PLA"), as Plaintiffs have each signed the required "Contractor Letter of Assent".

9.  That at no time relevant are Plaintiffs Petroff or A&A a signatory to the Teamster ACA, through the parties have continued to operate under an agreement that expired on September 7, 2011, during negotiations for a successor agreement.

10. That under the PLA, it is the parties' intent to respect the provision of any other collective bargaining agreements that may now or hereafter pertain. As such, Plaintiffs agreed to be bound and abide by the terms of the following, in order of precedence:

     A.     the applicable collective bargaining agreement between the prime contractor and one or more of the unions made signatory hereto,

     B.     the applicable collective bargaining agreement between a subcontractor and one or more the the unions made signatory hereto, or

     C.     the current applicable area collective bargaining agreement for the relevant union that is the agreement certified by the Illinois Department of Labor for purposes of establishing the Prevailing Wage applicable to the Project.

11. That it is undisputed that Defendant Walsh does not have a collective bargaining agreement with any Teamster Local that would cover the IDOT project.

12. It is undisputed that trucking work is involved with the IDOT project.

13. It is undisputed that some of the work on the IDOT project is not trucking work, but rather involves other tasks.

05/24/2012  15:49   6184025720                                                                              PAGE  04/06

Page 3 of 4
Case No. 12-MR-

14. That in order to perform the other tasks, Plaintiff employes Operating Engineers, under a labor agreement with the Operating Engineers Union.

15. That Defendant Local 525 filed a grievance against Plaintiffs, which resulted in an arbitration, which was decided by Zipp on April 13, 2012.

16. That the decision of Zipp, from April 13, 2012, is and was in manifest disreguard for the law.

17. That Plaintiffs presented to Zipp evidence that they were in full complaince with the PLA and IDOT requirements, incuding but not limited to the paying of Prevailing Wage and Fringe Benefits to their employees when they are doing "on site" work.

18. However, Zipp, in manifest disreguard of the law, expressly disreguarded this.

19. That Plaintffs presented to Zipp evidence that in pursuant to the Federal Davis-Bacon Act, which covers all federally funded construction, in 1992, the U.S. Department of Labor defined "construction" to exclude the transportation of materials by a subcontractor's employees to or from a construction site when the drivers spend less than 20% of their workday on that site.

20. However, Zipp, in manifest disreguard of the law, expressly disreguarded the Department of Labor ruling under the Davis-Bacon Act.

21. That Plaintiff's presented to Zipp evidence that its extant Labor Agreement with Teamster's Local 525 and Local 50 is the applicable collective bargaining agreement.

22. However, Zipp, in manifest disreguard of the law, expressly disreguarded this evidence.

23. That the sole and exclusive purpose of the arbitration was to determine whether the parties were in compliance, and not to fashion remedies.

24. However, Zipp, in manifest disreguard of the law, and substantially in excess of his authority, ruled upon issues not before him and not within his authority.

25. As a proximate cause of the foregoing, Plaintiffs have been substantially damaged, and have no

Page 4 of 4
Case No. 12-MR-

other adequate remedy at law.

WHEREFORE, Plaintiffs Humbly request that this Honorable Court vacate and hold for naught the

arbitration, which was decided by Zipp on April 13, 2012, permanently enjoin Defendants from

complying with, or relying upon said decision, and declairing that Plaitniffs are in compliance with

applicable law and applicable agreements, and awarding Plaintiffs their costs, plus such other further

and different relief as allowed by law.

DATED: 5-9-12

Respectfully submitted,

By: _____

One of His Attorneys
Thomas G. Maag #6272640
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL 62095

Phone: 618-216-5291

05/24/2012  13:45  6184629720                    FEDERAL PLAZA                         06/06

May 10, 2012

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 296-4464
WWW.CO.MADISON.IL.US

CASE No.  2012 MR 000115

DATE:  May 10, 2012

PETROFF TRUCKING COMPANY INC

PLAINTIFF

VS.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 525

DEFENDANT

DEFENDANT:  INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 525

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness: MATT MELUCCI the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this May 10, 2012 .



(SEAL)

MATT MELUCCI
CLERK OF THE CIRCUIT COURT

BY: _____
Deputy Clerk

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
THOMAS G. MAAG
MAAG LAW FIRM
22 W LORENA AVE
WOOD RIVER      IL 62095

WP52
052412

Date of Service:_____, 20_____.
(To be inserted by officer on the copy left with the defendant or other person)

6-10-1